CITY OF TOLEDO, APPELLEE, *v.* DIETZ, APPELLANT.

[Cite as City of Toledo v. Dietz, 3 Ohio St. 2d 30.]

(No. 38753—Decided June 30, 1965.)

*Mr. Louis R. Young*, director of law, and *Mr. John A. De-Victor, Jr.*, for appellee.

*Messrs. Green & Green* and *Mr. Merritt W. Green, II*, for appellant.

HERBERT, J. Appellant claims that he was compelled to be a witness against himself; that he was denied "due process" and assistance of counsel, contrary to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and that he was denied the protection of Section 2935.14 of the Revised Code, which provides in part:

"If the person arrested is unable to offer sufficient bail * * * he shall * * * be speedily permitted facilities to communicate with an attorney at law of his own choice, or to communicate with at least one relative or other person for the purpose of obtaining counsel * * *."

32

The evidence discloses that on the night prior to his arrest the appellant gave an election "party" at his place of business, which lasted all night and until about 7:30 the next morning. His foresight caused him to make arrangements to take care of any of his guests who might overindulge in intoxicating liquors which were in plentiful supply. At about 10.30 a. m. on the same day, while appellant was driving his automobile, it ran through a number of warning cones placed on the street, struck a wood chipper and slid into a dump truck. The arresting officers noted evidence of intoxication of appellant. Upon arrival at police headquarters appellant was asked whether he would submit to a drunkometer test. The drunkometer is a machine to which is attached a balloon-like container into which the subject emits his breath. The breath is then exposed to certain chemicals, and the reactions within the machine automatically give a reading indicating the alcoholic content in the blood stream.

The appellant was assured that he was not required to submit to the test; that it was entirely his choice; that he was not required to answer any question; and that if he did the answers might be used against him. The appellant had about $3,000 on his person—far more than was necessary for bail.

He asked permission to telephone his lawyer but was told that as soon as the "booking" was completed he could do so. After some hesitation he decided to take the drunkometer test, after asserting that he had had nothing to drink, at least not for four hours. The jury was justified by the evidence in concluding that appellant voluntarily submitted to the drunkometer test, which did indicate that appellant was intoxicated. One of the police officers called appellant's brother and notified him.

The Toledo Police Department operates under a procedure whereby an intoxicated person is detained four hours or until it is safe to release him.

Appellant was released on bail under this rule.

The Fifth Amendment in part provides that no person "shall be compelled in any criminal case to be a witness against himself." There is substantial evidence that appellant was under no compulsion. His decision to take the drunkometer test was voluntary. His conversation with the officers was free

of any compulsion and after his right to refuse to answer was fully explained. Not more than fifteen minutes elapsed while he was in the presence of the arresting officers in the police station.

We are of the opinion that the following principle stated in *Jackson* v. *Denno, Warden* (decided June 22, 1964), 12 L. Ed. 2d 908, 915, was adhered to.

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers* v. *Richmond*, 365 U. S. 534, 5 L. Ed. 2d 760, 81 S. Ct. 735, and even though there is ample evidence aside from the confession to support the conviction. *Malinski* v. *New York*, 324 U. S. 401, 89 L. Ed. 1029, 65 S. Ct. 781; *Stroble* v. *California*, 343 U. S. 181, 96 L. Ed. 872, 72 S. Ct. 599; *Payne* v. *Arkansas*, 356 U. S. 560, 2 L. Ed. 2d 975, 78 S. Ct. 844 * * *."

Appellant complains that he asked to be allowed to confer with his lawyer over the telephone but was denied this privilege. That statement is correct. However, the officer did call appellant's brother. Certainly it may be assumed that the brother would take appropriate steps in behalf of appellant.

The provisions of Section 2935.14 of the Revised Code were fully respected.

An examination of the record tends to prove that the appellant voluntarily submitted to the drunkometer test; that no coercion was used upon him; that no confession was obtained from him; that a police officer telephoned appellant's brother; and that the brief interrogation did not prejudice appellant.

There appearing to be no error prejudicial to the appellant in the record, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

O'NEILL, J., dissenting. This is a classic case of denial of counsel by police authority which could happen to any ordinary

citizen at any time. The defendant was not a criminal. He was a businessman.

I dissent from the holding of the majority of the court for the following reasons: (1) Defendant was denied the assistance of counsel guaranteed him by Section 2935.14, Revised Code; (2) defendant was denied the assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution as made obligatory upon the states through the Fourteenth Amendment; (3) the evidence in question, the results of the drunkometer test, was unlawfully obtained by virtue of the denial of the rights granted by the statute and the Constitution and the motion to suppress such evidence which was timely filed should have been granted.

Section 2935.14, Revised Code, provides in part:

"If the person arrested is unable to offer sufficient bail * * * he shall, prior to being confined * * * be *speedily permitted facilities to communicate with an attorney at law of his own choice, or to communicate with at least one relative or other person for the purpose of obtaining counsel. * * *"* (Emphasis added.)

The opinion of the majority states at page 33:

"Appellant complains that he asked to be allowed to confer with his lawyer over the telephone but was denied this privilege. *That statement is correct.* However, the officer did call appellant's brother. Certainly *it may be assumed* that the brother would take appropriate steps in behalf of appellant. (Emphasis added.)

"The provisions of Section 2935.14 of the Revised Code were fully respected."

This interpretation of the statute has effectively deprived one accused of crime (a misdemeanor, the violation of an ordinance) of the right to confer with counsel. Section 2935.14, Revised Code, clearly requires that an individual be allowed to make his own telephone call to the attorney or other person of his choice, prior to his confinement.

Notwithstanding the fact that defendant could have offered sufficient bail in monetary terms, he could not be released, since the offense with which he was to be charged was not bailable for a four-hour period after arrest. In this sense, he was unable

to offer "sufficient bail" within the meaning of the statute, and was entitled to consult with his attorney.

Not only was defendant denied his statutory right, but he was also denied the right to counsel granted him under the Sixth and Fourteenth Amendments to the United States Constitution. *Escobedo* v. *Illinois*, 378 U. S. 478; *Doughty* v. *Maxwell, Warden*, 376 U. S. 202; *Gideon* v. *Wainwright, Dir.*, 372 U. S. 335; *Carnley* v. *Cochran, Dir.*, 369 U. S. 506.

In *Escobedo* v. *Illinois, supra*, at page 490, the Supreme Court of the United States said:

"* * * where * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not *effectively* warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the states by the Fourteenth Amendment.'" (Emphasis added.)

That holding is applicable to the instant case. At the time he was induced to take the test, the process had already turned from investigatory to accusatory. The record shows that defendant twice asked to be allowed to consult with his attorney. He was told that it was not necessary since the drunkometer test was voluntary, and since he did not have to answer any questions. Other than that, his rights were not effectively explained to him.

A police sergeant testified that he had no knowledge of the right of defendant to an attorney, that in his opinion the police could interrogate as long as they wished before charging an accused formally, and that the right to counsel attached only after the accused had been formally charged. Another officer testified that he was aware of the right of defendant to consult with his attorney, but did not permit him to do so. This is a violation of *Escobedo, supra.*

The action taken by the police was not only in violation of the rights of defendant, but was prejudicial to him since the

evidence so obtained was material to his conviction. Defendant agreed to take the drunkometer test only after he had been refused the right to call his attorney, not once, but several times, and, after he was promised that when he had taken the test, he could make the call. When he had taken the test, he was immediately locked up and was not permitted to make the call as promised.

To condition the granting of the rights of the accused upon compliance with the demands of the police officers is a coercive method of extracting evidence from him.

The evidence in question was gained illegally as a result of the violation of both statutory and constitutional rights of the defendant. It can not be said that the violations of his rights were waived by the taking of the test, since it was because of those violations that he was induced to take it. Furthermore, the taking of the test may at best be characterized as mere submission to authority since the defendant, who had had no previous experience in this area, was effectively within the power of the officers.

Evidence illegally obtained is inadmissible in a criminal trial, and the motion to suppress should have been granted. *Mapp* v. *Ohio*, 367 U. S. 643.

Therefore, the judgment should be reversed.