THE STATE OF OHIO *v*. MEYERS.

(No. 78-4-TRC-28—Decided December 1, 1978.)

Miamisburg Municipal Court.

*Mr. Gerald E. Gunnoe,* prosecuting attorney.
*Mr. Thomas E. Bookwalter,* for defendant.

SHELL, J. The defendant, James R. Meyers, was arrested by Trooper Velte of the Ohio State Patrol. The defendant was given a chemical analysis test of his breath by the State Highway Patrol. The defendant was informed that he was entitled to have an additional chemical test of his choosing at his expense. The defendant was transported to the city of Miamisburg jail where he was incarcerated for a period of time to await the posting of bail. The defendant requested that he be permitted to be taken to the Kettering Hospital for a second test to be administered. The defendant's father had been called by the defendant to come to the Miamisburg jail and post bond and transport the defendant to the Kettering Hospital for the additional test.

The father of the defendant arrived at the parking lot of the Miamisburg city jail; whereupon, he was confronted by Trooper Velte. Trooper Velte informed the defendant's father that the defendant was required to remain in the Miamisburg jail until 5:30 a. m. The testimony at the motion to suppress indicated that the defendant's father was prepared to post the necessary amount of money as bond for the defendant.

The administration of the chemical breath test given by the State Highway Patrol was reported to have been administered at 10:05 p. m. Sgt. Goenner of the Miamisburg Police Department stated that it was the policy of the Miamisburg jail to require people charged with driving under the influence of alcohol to be incarcerated in their jail for period of six hours whether or not bail was posted.

The defendant's argument in favor of the motion to suppress the chemical test is as follows: First, the defendant was denied a right to post bail during the six-hour period. Second, the denial of the defendant's release within the six-hour period denied the defendant his right to a second chemical test.

The prosecution argues that the defendant's right to bail has not been denied in the instant case. The prosecution first argues that the six-hour rule imposed by the Miamisburg jail is not an unconstitutional provision. Secondly, the prosecution argues that the defendant had requested a spinal tap as the second or additional test. Prosecution further argues that a spinal tap would provide no pertinent or credible information as to the defendant's sobriety. Third, the prosecution argues that the right to bail attaches within a reasonable time after the arrest and that the detention of the defendant for a six-hour period was not unreasonable.

The initial question presented to the court is, "Can the Miamisburg City jail impose a six-hour rule upon all defendants charged with driving while under the influence of alcohol and thereby deny the defendant to a right to bail during that period of time?" The second question presented is, "If the city jail has a policy of not re-

leasing a defendant or permitting bail within the six-hour period, has the defendant's right of due process relative to the taking of a second or additional test been violated?"

A review of the cases that have been cited by prosecution and defense in this matter are worthy of consideration at this time.

The prosecution cites *Toledo* v. *Dietz* (1965), 3 Ohio St. 2d 30. The prosecution would like to convince the court that the issue in that case was the policy of a four-hour detention. A reading of the case indicates that such policy was not the issue. The court in that case addressed two issues. The first issue was compliance with R. C. 2935.14 which provides that the defendant be furnished facilities to speak to an attorney. The second issue was a factual determination of the voluntary nature of the accused's submission to a test.

Likewise, the case of the *Dayton* v. *Nugent* (1970), 25 Ohio Misc. 30, dealt with the denial of a defendant's right to communicate with his attorney within a reasonable period of time, thereby being a violation of R. C. 2935.14 and 2935.20. The prosecution has emphasized the fact that the *Nugent* decision in no way affected the four-hour rule as it applied to denying an individual in jail his opportunity to post bond. However, the court in *Nugent* went on to say that this point was not raised in the motion filed in that case and therefore would not be considered. (See *Nugent*, at page 42.)

The prosecution argues that in the case of *Smith* v. *State* (1974), 40 Ohio App. 2d 208, the right to take a secondary test is a statutory right and not a constitutional right. In that case, the defendant wanted his choice of chemical tests. The court ruled that the law enforcement officer shall designate which chemical test shall be administered.

The court has not been provided with any reason or purpose as to the present departmental policy of the Miamisburg Police Department concerning the mandatory detention of the defendant for a period of six hours after the arrest. It is the opinion of the court that if the defend-

ant is physically, mentally, or emotionally in such a condition as to pose a danger to himself or to members of the community, then the jail facility is well within its right to keep the defendant in custody for a reasonable period of time. The court does not believe that a defendant has a right to be immediately released upon his arrest. It is the belief of the court that the defendant may be detained for a reasonable period of time after the arrest in order to permit the officer to give the appropriate tests and complete all of the booking procedures. The Criminal Rules are clear that the jail facility not release an individual until the defendant is of such a condition so as to ensure the safety of the community. Crim. R. 46(D) sets forth the procedure for the posting of bond.

The facts presented at the motion hearing did not indicate any reason to further detain the defendant in this particular case. It appears that the defendant's father did arrive at the Miamisburg jail and was a competent and responsible individual who could receive the custody of the defendant. The facts of the hearing do not reveal that the defendant was in such a condition so as to pose a danger to himself or to others if released to his father. Therefore, the court feels that the failure to release the defendant when he had the means and the ability to be released on bail was an unnecessary restraint upon the defendant and denied the defendant his opportunity to post bail.

The denial of the defendant to post bail in this matter effectively has denied the defendant his right to an additional test. The court places no weight to the prosecution's argument that the spinal tap would not test the amount of alcohol in the blood stream of the defendant.

By the defendant's denial of his bail during the six-hour period of time, the defendant's right to exercise his statutorily given right to a second test has been effectively denied. Therefore, the motion of the defendant is well taken and the chemical test given by the prosecution in this matter will be suppressed.

*Motion granted.*