The State of OHIO, Appellant,

v.

GUSTIN, Appellee.

[Cite as *State v. Gustin* (1993), 87 Ohio App.3d 859.]

Court of Appeals of Ohio,
Warren County.

No. CA93–05–040.

Decided Aug. 23, 1993.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *Carolyn A. Duvelius*, Assistant Prosecuting Attorney, for appellant.

*Kirby & Kirby Co., L.P.A.*, and *K. Philip Callahan*, for appellee.

---

*Per Curiam.*

Plaintiff-appellant, the state of Ohio, appeals an order of the Warren County Court granting a motion to suppress evidence regarding charges against defendant-appellee, Greg L. Gustin, for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3).

During the early morning hours of November 22, 1992, Trooper Kent Ward of the Ohio State Highway Patrol responded to a single vehicle accident scene in Clearcreek Township where Gustin had swerved to avoid a deer crossing the roadway and struck a utility pole. At the time of the accident, the road was wet and fog had reduced visibility.

Upon arriving, Ward first secured the accident scene. He then approached Gustin and requested Gustin's license. Gustin was bleeding from a cut on his forehead suffered when he was thrown against his vehicle's windshield. Gustin's eyes were neither bloodshot nor glassy, his speech was not slurred, and there was no odor of alcohol about him, although he strongly smelled of cologne. Ward administered a horizontal gaze nystagmus ("HGN") test to Gustin, the result of which, according to Ward, indicated that Gustin was under the influence of alcohol. After having Gustin perform additional field sobriety tests, Ward arrested Gustin for driving while under the influence of alcohol. Although Gustin admitted to consuming one beer, it is unclear whether he made this statement to Ward before or after Ward subjected Gustin to the HGN test and other field sobriety tests.

▇ The trial court found that Ward did not have sufficient grounds to detain Gustin for the HGN or other field sobriety tests and granted Gustin's motion to suppress. In a single assignment of error, the state contends that the trial court erred in granting Gustin's motion to suppress. The state claims that Gustin's detention was based upon reasonable and articulable suspicion of criminal activity.

▇ "Probable cause is not needed before an officer conducts field sobriety tests." *Columbus v. Anderson* (1991), 74 Ohio App.3d 768, 770, 600 N.E.2d 712, 714. Reasonable suspicion of criminal activity is all that is needed to support further investigation. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252; *Anderson, supra.* In determining whether there is reasonable suspicion of criminal activity, an arresting officer must point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion. *Middletown v. Profitt* (Apr. 24, 1989), Butler App. No. CA88–09–135, unreported, at 3, 1989 WL 38941, quoting *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The only substantive factor to support a reasonable suspicion that Gustin was under the influence of alcohol was his statement that he had consumed one beer. As previously noted, however, it is unclear whether Gustin made this statement before or after Ward administered the HGN test. Since Ward testified that his initial action was to administer the HGN test, it is reasonable to assume that the

court determined that Gustin's statement was made following the test. In a hearing on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Clelland* (1992), 83 Ohio App.3d 474, 615 N.E.2d 276. As an appellate court, we are bound to accept the trial court's findings of facts and determinations regarding credibility if they are supported by competent, credible evidence. *Id.*

Having reviewed the record, we are satisfied that there is competent, credible evidence to support the trial court's determination that Ward had no reasonable suspicion to suspect any criminal activity by Gustin and had no basis upon which to administer a HGN test or other field sobriety tests. For the reasons set forth above, the state's sole assignment of error is hereby overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.