JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Kenneth French ("appellant") appeals from the judgment of the trial court denying his motion to suppress and the jury verdict finding him guilty of driving under the influence, violating traffic control lights, driving in a marked lane, making an improper/prohibited turn, and violating the lighted lights ordinance of the plaintiff-appellee City of Brook Park ("Brook Park"). For the reasons set forth below, we affirm.
 {¶ 2} On March 22, 2002, a Brook Park police officer stopped a vehicle driven by appellant after observing appellant fail to stop at a red light, weaving and driving left of center. Thereafter, Officer Troknya initiated a traffic stop. Officer Troknya smelled alcohol and noticed that appellant's eyes were glassy and bloodshot. The officer requested insurance information from appellant and appellant seemed confused by the request. The officer asked appellant if he had been drinking, to which he responded that he had four or five beers. The officer ordered appellant out of his car. Officer Troknya noticed that appellant leaned on his vehicle for support while walking to the rear of the vehicle. The officer then performed three field sobriety tests, including the Horizontal Gaze Nystagmus, Walk-and-Turn, and One-Leg Stand While performing the tests, appellant stated "I'm busted, you got me" and "I know the chief from Parma, does that help me." After observing appellant perform the field sobriety tests, the officer placed appellant under arrest for driving under the influence. He was transported to Brook Park's police station for booking, where he refused to submit to a breath alcohol test. Appellant alleges that he was denied his right to counsel because his attorney called to speak with him and Brook Park did not allow them to talk.
 {¶ 3} The matter proceeded to a jury trial and appellant was found guilty on all counts and sentenced accordingly. It is from this ruling that appellant now appeals, asserting four assignments of error for our review.
 {¶ 4} "I. The trial court erred to the prejudice of appellant by denying appellant's motion to suppress evidence."
 {¶ 5} "IV. The City of Brook Park's police policy of absolute confinement violated appellant's right to bail as well as his right to due process of law under the Fourteenth Amendment."
 {¶ 6} In his first assignment of error, appellant contends that the trial court improperly denied his motion to suppress. Specifically, he maintains that the arresting officers failed to instruct, conduct, evaluate, and record the standardized field sobriety tests in strict compliance with the National Highway Traffic Safety Administration guidelines and thus, the results of those tests are inadmissible.[1]
 {¶ 7} In his fourth assignment of error, appellant complains that arresting officers violated his right to bail and his constitutional right to due process of law of obtaining an independent chemical test by mandating that he remain in custody for a minimum of six hours.[2] It follows, he argues, that since it was impossible for him to obtain exculpatory evidence, his motion to suppress should have been granted.
 {¶ 8} When considering a motion to suppress, a trial court serves as trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v.Mills (1992), 62 Ohio St.3d 357. Accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if supported by competent, credible evidence. State v.Smith (1997), 80 Ohio St.3d 89, 1997-Ohio-355. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993),85 Ohio App.3d 623, 627. Furthermore, the state's burden of proof on a motion to suppress evidence is by a preponderance of the evidence. Athens v. Wolf (1974), 38 Ohio St.2d 237.
 Field Sobriety Tests {¶ 9} Appellant relies on the Ohio Supreme Court's decision in State v. Homan (2000), 89 Ohio St.3d 421. However, since appellant submitted his brief for this appeal, the Ohio Supreme Court issued its opinion in State v. Schmitt,101 Ohio St.3d 2004-Ohio-37, substantially limiting its holding in Homan.
 {¶ 10} In Homan, the Ohio Supreme Court found that in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.State v. Homan, paragraph one of the syllabus. Therefore, underHoman, trial courts properly suppressed the results of such tests for probable cause determinations and at trial. However, courts remained in conflict regarding whether police officers should testify about their personal observations during a defendant's performance of field sobriety tests.
 {¶ 11} The Ohio Supreme Court certified a conflict in Schmitt, supra, to determine whether an officer's observations regarding a defendant's performance on nonscientific field sobriety tests should be admissible as lay evidence of intoxication. The court answered the question in the affirmative. The court further stated:
 {¶ 12} "The nonscientific field sobriety tests involve simple exercises, such as walking heel-to-toe in a straight line (walk-and-turn test). The manner in which a defendant performs these tests may easily reveal to the average layperson whether the individual is intoxicated. We see no reason to treat an officer's testimony regarding the defendant's performance on a nonscientific field sobriety test any differently from his testimony addressing other indicia of intoxication, such as slurred speech, bloodshot eyes, and odor of alcohol. In all of these cases, the officer is testifying about his perceptions of the witness, and such testimony helps resolve the issue of whether the defendant was driving while intoxicated.
 {¶ 13} "Unlike the actual test results, which may be tainted, the officer's testimony is based upon his or her firsthand observation of the defendant's conduct and appearance. Such testimony is being offered to assist the jury in determining a fact in issue, i.e., whether a defendant was driving while intoxicated. Moreover, defendant's counsel will have the opportunity to cross-examine the officer to point out any inaccuracies and weaknesses. We conclude that an officer's observations in these circumstances are permissible lay testimony under Evid.R. 701." Id. at 83-84.
 {¶ 14} Therefore, we find that pursuant to Schmitt, the trial court properly admitted the officer's testimony regarding his personal observations of appellant's performance during the Walk-and-Turn, One-Leg Stand and Horizontal Gaze Nystagmus ("HGN") test at the motion to suppress hearing and at trial.
 {¶ 15} We find that the trial court did not err in denying appellant's motion to suppress. In Ohio, a warrantless arrest in a DUI case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State v.Woodards (1966), 6 Ohio St.2d 14. In this case, Officer Paul Troknya testified that he first noticed appellant's vehicle without any headlights on. Thereafter, the officer observed appellant fail to stop at a red light. Appellant, after proceeding through the light, thereafter weaved down the road and drove over the double yellow line several times. When Officer Troknya pulled appellant over, he smelled alcohol on appellant's breath and noticed appellant's eyes were bloodshot and glossy. He also testified that appellant appeared confused. Lastly, Troknya testified regarding his observations regarding appellant's performance of the walk-and-turn, one-leg stand and the HGN tests. We find that sufficient probable cause existed to effectuate a warrantless arrest of appellant and his motion to suppress was properly denied.
 Self-Incrimination {¶ 16} The admission of alleged involuntary and inculpatory statements is governed by the United States Supreme Court's pronouncements in Miranda v. Arizona (1966), 384 U.S. 436, 444. In Miranda, the Court held that when an individual is taken into custody and questioned, procedural safeguards are necessary to protect the constitutional privilege against self-incrimination. When there is no custodial interrogation, the warnings are irrelevant to the admissibility of any statements.Miranda, supra, 384 U.S. at 478. See, also, State v. Tucker
(1998), 81 Ohio St.3d 431, 436, 1998-Ohio-438.
 {¶ 17} In determining whether a person is in custody for purposes of receiving Miranda protection, the ultimate inquiry is simply whether there is a "formal arrest or a restraint on freedom of movement" of the degree associated with a formal arrest. California v. Beheler (1983), 463 U.S. 1121, 1125,77 L.Ed.2d 1275, 103 S.Ct. 3517.
 {¶ 18} Appellant complains that the trial court improperly allowed incriminating statements he made after he was in custody, but before his Miranda rights were read to him. We note initially that appellant has failed to present facts relevant to this assignment of error, with appropriate reference to the record as required by App.R. 16(A)(6). However, we assume arguendo that appellant complains that the police video was allowed as evidence in his trial during direct examination of Officer Sensel. In that video, the officer was taking appellant's medical history as part of the booking process. One of the questions in the medical history was whether appellant used alcohol, to which appellant responded that he did so occasionally. The officer then asked the next question on the medical history form, regarding how often appellant drank and how much alcohol he drank at once. Appellant answered the questions.
 {¶ 19} Appellant failed to object to the introduction of the police video at the trial court and has thus waived his right to raise this issue on appeal, absent plain error. State v. Smith
(1997), 80 Ohio St.3d 89, 107, 1997-Ohio-355. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland
(1990), 50 Ohio St.3d 58, 62, State v. Smith, supra.
 {¶ 20} Appellant has failed to demonstrate plain error. We acknowledge that the officer took appellant's medical history prior to Mirandizing appellant. However, we find any alleged error in allowing the statement to be harmless. Appellant's answer to the medical history did not implicate him in driving under the influence that evening. State v. Simpson, Franklin Cty. App. No. 01AP-757, 2002-Ohio-3717, citing State v. Lee
(1997), Trumbull App. No. 95-T-5371 (finding harmless error in admitting defendant's statement that was not inculpatory in nature). The medical history was not related to the evening in question and was not inculpatory in nature. We decline to find plain error in this instance.
 Exculpatory Evidence {¶ 21} Last, appellant contends that, because he was not able to obtain an independent chemical sample of his blood and was denied an opportunity to present potentially exculpatory evidence in his favor, the trial court should have granted his motion to suppress. Appellant avers that the facts of this case are similar to those set forth in State v. Meyers (1978),59 Ohio Misc. 124. In that case, the court held that the failure of the defendant to obtain a second chemical test due to a police policy violative of Crim.R. 46(D) was cause to suppress the first test given by the police agency. Id., paragraph three of the syllabus. We note, however, that in this case, appellant refused to take a test by the police and therefore there are no chemical tests taken by the police to suppress. We find no merit to this assignment of error.
 {¶ 22} "II. The preparation and performance of appellant's trial counsel was deficient and prejudiced appellant in such a way as to violate the appellant's rights as guaranteed by theSixth, Eighth, and Fourteenth Amendments to the United States Constitution."
 Failure to object to the introduction of officers' testimony regarding field sobriety tests. {¶ 23} Appellant asserts his trial counsel was ineffective for failing to object to the introduction of the police officers' testimony of their observations of appellant's performance during the field sobriety tests.
 {¶ 24} In order to demonstrate ineffective assistance of counsel, the defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington (1984),466 U.S. 668, 687; State v. Noling (2002), 98 Ohio St.3d 44, 65,2002-Ohio-7044; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687; see, also, Bradley, paragraph two of the syllabus (stating that counsel's performance is deficient if it falls below an objective standard of reasonable representation). To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley, supra, paragraph two of the syllabus; see, also,Strickland, 466 U.S. at 687. Moreover, when a reviewing court considers an ineffective assistance of counsel claim, it should not consider what, in hindsight, may have been a more appropriate course of action. See State v. Phillips, 74 Ohio St.3d 72, 85,1995-Ohio-171, (stating that a reviewing court must assess the reasonableness of the defense counsel's decisions at the time they are made). Rather, the reviewing court "must be highly deferential." Strickland, 466 U.S. at 689. As the Strickland
Court stated, a reviewing court:
 {¶ 25} "Must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id., 466 U.S. at 689; see, also, State v. Hamblin (1988), 37 Ohio St.3d 153, certiorari denied (1988), 488 U.S. 975.
 {¶ 26} Further, where the asserted error upon which a claim of deficient performance is premised has been rejected by the reviewing court, then the claim of deficient performance will likewise be rejected. See State v. Henderson (1989),39 Ohio St.3d 24, 33. Having determined in the above assignment of error that the introduction of the police officer's testimony regarding his observations of appellant's performance during the field sobriety tests was proper, we reject appellant's claim of deficient performance by his trial counsel.
 Failing to withdraw as counsel from appellant's case {¶ 27} Appellant also maintains that his trial counsel was ineffective for failing to withdraw from appellant's case. Specifically, he avers that his counsel failed to consider the "overwhelming possibility" that he should have been called as a witness as it relates to appellant's claim that he was denied his right to counsel by Brook Park. We disagree.
 {¶ 28} The Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, protects a person who has been taken into custody by the police from being interrogated without the presence of counsel if he has clearly expressed a desire to deal with the police only through counsel. Davis v. United States (1994), 512 U.S. 452 and Smithv. Illinois (1984), 469 U.S. 91, 94-95. In this case, appellant maintains that his Fifth Amendment right to counsel was somehow violated but wholly fails to so demonstrate. It is clear from the police video that appellant refused to submit to the police breath alcohol test and minutes later requested his attorney. Thereafter, he was given an opportunity to contact his attorney. Appellant maintains that because the police allegedly did not allow his attorney to talk to him on the phone that hisFifth Amendment were violated. However, he does not allege that the police continued on with custodial interrogation after his request for an attorney, nor does he allege that he made any statement thereafter that should have been suppressed as a result of his attorney not being present. Because we do not find a violation of appellant's Fifth Amendment rights, we cannot say that his trial counsel was ineffective for failing to withdraw from his case on this basis.
 Failure to make any meaningful, relevant objections {¶ 29} Last, appellant asserts that his trial counsel was ineffective for failing to object to continued leading and repetitive questioning by the prosecutor and for failing to utilize a prior transcript to impeach the inconsistent trial testimony of Officer Troknya. We disagree.
 {¶ 30} We first note that appellant's trial counsel did, in fact, impeach Officer Troknya. Although he did not introduce a copy of his prior testimony, he thoroughly questioned him and undermined his credibility regarding inconsistent statements. (T. 121, 122-124). We therefore reject appellant's assertion that he was prejudiced by his trial counsel's alleged deficient performance in that regard.
 {¶ 31} Regarding appellant's assertion that his trial counsel was deficient for failing to object to a leading question, we find appellant has not overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Furthermore, we cannot find, in light of the entire trial and evidence against appellant, that appellant was prejudiced by his counsel's failure to object to this question.
 {¶ 32} We find that trial counsel in this case was not ineffective and overrule this assignment of error.
 {¶ 33} "III. The trial court committed plain error in violation of Crim.R. 22, by failing to maintain a complete record of the jury trial proceedings."
 {¶ 34} Appellant avers in his third assignment error that the trial court erred by failing to maintain a complete record of his trial. Specifically, he maintains that significant portions of his trial were not properly transcribed, including voir dire, the testimony of a defense witness, his own testimony and the jury instructions.[3] Appellant claims that his right to appeal was clearly prejudiced since trial testimony was not properly preserved for review by this court.
 {¶ 35} Crim.R. 22 provides that in serious offense cases all proceedings shall be recorded. The rule further provides that the proceedings may be recorded in shorthand, stenotype or by any other adequate mechanical, electronic or video recording device.
 {¶ 36} It is well-settled that pursuant to App.R. 9(C), it is incumbent upon the party appealing to insure that a transcript is prepared and filed as part of the appeal or that a statement of the evidence is properly filed. This duty falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. Id.
 {¶ 37} We therefore reject appellant's assertion and find that this assignment of error is without merit.
 {¶ 38} The judgment is affirmed.
Judgment affirmed.
Mcmonagle and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The General Assembly amended R.C. 4511.19 in 2003 providing that test results from field sobriety tests are admissible where an arresting officer substantially complies with testing standards. However, the law in effect at the time of appellant's arrest was that an officer had to strictly comply with testing standards in order to have the results of such tests admissible for probable cause purposes and at trial.
[2] In Baker v. McCollan (1979), 443 U.S. 137, the United States Supreme Court found that "* * * depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will, after the lapse of a certain amount of time deprive the accused of `liberty [* * *] without due process of law. But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation." Id. at 144. In this case, we decline to find that a detention for six hours deprived appellant of liberty without due process of law.
[3] A supplemental record was filed with this court and the trial transcript includes testimony from the defense witness and appellant.