JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Matthew Schwabauer ("appellant") appeals from the judgment of the trial court denying his motion to suppress the evidence and finding him guilty of operating a motor vehicle while under the influence of alcohol. For the reasons set forth below, we affirm.
 {¶ 2} On July 25, 2003, appellant was pulled over in Cleveland Heights for traveling 41 miles per hour in a 25 miles per hour zone. The Cleveland Heights officer who pulled him over noticed immediately the strong odor of alcohol emanating from the vehicle.
Based on odor, appellant's speeding, slurred speech and red eyes, the officer conducted field sobriety tests on appellant. Appellant was thereafter charged with speeding and operating a motor vehicle while under the influence of alcohol ("OMVI"). Appellant filed a motion to suppress, which the trial court denied. Appellant later pled no contest to the OMVI and the city dismissed the speeding charge. Appellant now appeals asserting two assignments of error for our review.
 {¶ 3} "I. The trial court erred in determining that Ptl. Speece had a reasonable suspicion that appellant was under the influence of alcohol; appellant's detention exceeded the scope of the purpose of the original traffic stop."
 {¶ 4} Appellant, in essence, challenges the trial court's ruling denying his motion to suppress, maintaining Officer Speece acted without reasonable suspicion in detaining him longer than necessary to effect a traffic stop and thereafter conducting field sobriety tests.
 {¶ 5} When considering a motion to suppress, a trial court serves as trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mills (1992), 62 Ohio St.3d 357. Accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if supported by competent, credible evidence. State v. Smith (1997), 80 Ohio St.3d 89, 1997-Ohio-355. The appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
 {¶ 6} A police officer may briefly stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot," even if the officer lacks probable cause to make an arrest. Terry v.Ohio (1968), 392 U.S. 1.
 {¶ 7} In this case, appellant concedes the propriety of the traffic stop for speeding. He maintains, however, Officer Speece lacked a reasonable suspicion that he was driving while under the influence of alcohol and therefore exceeded the scope of the traffic stop when he ordered appellant out of his car to perform field sobriety tests. We disagree.
 {¶ 8} Upon pulling appellant over for a speeding violation, Officer Speece noticed a "strong, extreme odor" of alcohol emanating from the car. Appellant explained the odor was from a fresh beer stain on his pants and from his friend who had been drinking and smelled "liked a brewery." While there was a fresh stain on appellant's pants and his friend was visibly intoxicated, the officer also noticed appellant's eyes were glassy and a bit red, and his speech was slurred.
 {¶ 9} Officer Speece asked appellant to perform divided attention tests while he was still seated in the car. The officer determined that, while appellant finished the finger counting task, he was slightly shaky while touching his fingers and performed the test much more slowly and deliberately than the officer did when demonstrating for appellant. Furthermore, appellant was asked to recite the alphabet from I to S. Again, while he completed the task, the officer found he had a slight slur, though he pronounced each of the letters overly deliberately than the officer had. The officer described appellant's speech as a thick tongue speaking pattern. Appellant asked to step out of his car, at which time appellant took a large step and was unsteady. The officer was confident that the smell of alcohol was emanating from appellant's breath.
 {¶ 10} For support of his position, appellant relies on several cases, which we find unpersuasive in the case at hand. In State v. Evans
(1998), 127 Ohio App.3d 56, the appellate court determined an officer had a reasonable suspicion appellant was driving while under the influence of alcohol after receiving dispatch reports regarding the motorist's impaired driving, smelling alcohol on his person, and the motorist admitting he had a few beers. The court cited a non-exhaustive list of factors to be considered in a totality of the circumstances analysis of whether an officer had a reasonable suspicion sufficient to conduct roadside sobriety tests.
 {¶ 11} Appellant maintains that few to none of the factors apply in his case. We disagree and reject appellant's characterization of the factors as they apply to the instant case. As stated above, appellant was speeding, which is indicia of impaired driving, it was after midnight on Thursday night, he was traveling home from The Brewery, he had glassy, red eyes, slightly slurred and overly deliberate speech and a "strong, extreme" odor of alcohol emanating from the vehicle. All of these factors, coupled with the officer's experience and training were sufficient to create a reasonable suspicion that appellant was driving under the influence.
 {¶ 12} Appellant also relies on State v. Spillers (Mar. 24, 2000), Second Dist. App. No. 1504 and State v. Dixon (Dec. 1, 2000), Second Dist. App. No. 2000-CA-30. In Spillers, the court found that in the absence of some indicia of impaired driving, slurred speech or bloodshot eyes, a de minimus lane violation with the mere detection of the odor of alcohol did not rise to a reasonable suspicion the motorist was driving while under the influence. Similarly, in Dixon, the same court held an officer pulling over a motorist for a tinted window violation improperly conducted field sobriety tests where the officer merely detected an odor of alcohol, but failed to witness any impaired driving by the motorist.
 {¶ 13} Lastly, appellant relies on State v. Gustin, (1993),87 Ohio App.3d 859. In Gustin, the court found a trooper lacked the requisite reasonable suspicion to conduct field sobriety tests. There, a trooper responded to a single vehicle accident in which a motorist hit a pole after swerving, on a wet road and in fog, to avoid a deer crossing the road. The motorists' eyes were neither glassy nor bloodshot, his speech was not slurred and the trooper did not detect an odor of alcohol.
 {¶ 14} We find the above cases markedly different from the case at hand where the officer witnessed impaired driving, to wit speeding, noticed an extreme odor of alcohol, slurred and overly deliberate speech and glassy, red eyes. We find these facts constitute sufficient articulable facts to support the officer's reasonable suspicion that appellant may have been driving under the influence and his decision to conduct field sobriety tests. We therefore overrule this assignment of error.
 {¶ 15} "II. The trial court erred in determining that Ptl. Speece had probable cause to arrest appellant for driving under the influence of alcohol, to wit, the field sobriety tests were not conducted in substantial compliance with NHTSA, the results should not have been considered, and the remaining evidence did not support probable cause."
 {¶ 16} In his second and final assignment of error, appellant avers Officer Speece failed to conduct the field sobriety tests in compliance with NHTSA and the results should have been suppressed. It follows, he argues, Officer Speece arrested him without probable cause.
 {¶ 17} In Ohio, a warrantless arrest in a DUI case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State v. Woodards (1966), 6 Ohio St.2d 14. In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in substantial compliance with standardized testing procedures. State v. Schmitt,101 Ohio St.3d 79, 82, 2004-Ohio-37; R.C. 4511.19.
 {¶ 18} In this case, appellant avers the trial court erred in determining Officer Speece conducted the field sobriety tests in substantial compliance with NHTSA. We disagree.
 {¶ 19} Regarding the Horizontal Gaze Nystagmus ("HGN") test, appellant complains Officer Speece failed to comply with the NHTSA's procedures in instructing appellant prior to administering the test, he failed to follow NHTSA procedures when he checked the left eye twice in succession, then the right eye twice in succession for clues of nystagmus, and that he moved the stimulus too quickly across appellant's field of vision when checking for the onset nystagmus prior to a 45 degree angle.
 {¶ 20} First, appellant maintains Officer Speece only "instructed" that he was going to check appellant's eyes prior to administering the test, rather than reciting verbatim these instructions set forth in NHTSA's manual:
 {¶ 21} "I am going to check your eyes. Keep your head still and follow this stimulus with your eyes only. Keep following the stimulus with your eyes until I tell you to stop."
 {¶ 22} However, Officer Speece testified that he told appellant he was going to check his eyes. He instructed appellant to place his hands on his cheeks to ensure his head remained steady and for officer safety, then told appellant "you're going to follow the pen with your eyes and your eyes only." (T. 71-72). We find Officer Speece's instructions substantially complied with NHTSA's instructions.
 {¶ 23} Next, appellant complains Officer Speece failed to conduct the distinct nystagmus at maximum deviation test in the correct order. Officer Speece testified he began the test with appellant's left eye, moved his pen until appellant's eye had gone as far to the side as possible and held it there in order to observe the eye for distinct and sustained nystagmus, repeated the procedure on the left eye and then performed it on the right. While not in strict compliance with NHTSA's procedures, we find the order in which Officer Speece conducted the distinct nystagmus at maximum deviation test was in substantial compliance.
 {¶ 24} Lastly, appellant challenges the Officer's method for testing the onset of nystagmus prior to 45 degrees. NHTSA provides an officer should move the stimulus at a speed of approximately four seconds. The manual states the purpose behind the four second rule:
 {¶ 25} "It is important to use the full four seconds when checking for the onset of nystagmus. If you move the stimulus too fast, you may go past the point of onset or miss it altogether." In this case, the officer moved the stimulus at a speed of between two and three seconds and was still able to detect the onset of nystagmus prior to forty-five degrees. Presumably, moving the stimulus in strict compliance with the manual would have rendered the same, if not worse, results. We therefore fail to see how the discrepancy in Officer Speece's administration prejudiced appellant.
 {¶ 26} Appellant also alleges Officer Speece failed to administer the Walk and Turn Test ("WAT") in substantial compliance with NHTSA when he gave all the instructions prior to giving any demonstrations, failed to tell appellant not to begin walking until told to do so and failed to instruct appellant to count his first step as one. However, the record demonstrates Officer Speece substantially complied with NHTSA in instructing appellant demonstrating for appellant the WAT test.
 {¶ 27} We find the trial court was correct in determining that Officer Speece substantially complied with NHTSA. As a result, we find the results admissible, and affirm the trial court's determination that probable cause existed to arrest appellant for operating a motor vehicle while under the influence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., concurs.
 Karpinski, J., concurs in judgment only