[Cite as *Strongsville v. Vavrus*, 2014-Ohio-1843.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100477**

# CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

# BECKY M. VAVRUS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 12 TRC-04548

**BEFORE:** Kilbane, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANT**

John D. Mizanin
Harvey B. Bruner Co., L.P.A.
The Hoyt Block Building
700 W. St. Clair Avenue, #110
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

George F. Lonjak
614 Superior Avenue
Suite 1310
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Becky Vavrus ("Vavrus"), appeals from her driving under the influence ("DUI") and right side of the roadway convictions. For the reasons set forth below, we affirm.

{¶2} On August 27, 2012, Vavrus was charged in Berea Municipal Court with driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1)(a); DUI, with the refusal to submit to the alcohol test and prior convictions, in violation of R.C. 4511.19(A)(2); and right side of the roadway, in violation of R.C. 4511.25. On November 26, 2012, Vavrus filed a motion to suppress, in which she argued it was "unreasonable" for the officer to detain her for the purposes of conducting the field sobriety tests when there was no reason to believe she was intoxicated. The city of Strongsville did not file a brief in opposition. On March 22, 2013, the court held a hearing on the motion, at which the following evidence was adduced.[1]

{¶3} Ohio State Patrol Trooper D.J. Jones ("Jones") testified that he has been a trooper for six years and has made approximately two hundred DUI arrests. He was on patrol on August 26, 2012, when he observed Vavrus crossing the double yellow line several times and driving approximately 50 m.p.h. in a 35 m.p.h. speed zone. Jones then initiated a traffic stop and explained to Vavrus the reason for the stop. Vavrus apologized and told Jones that she had been texting. Vavrus also stated that she was on

---

[1]The parties, by agreement, submitted a statement of the proceedings pursuant to App.R. 9(C), in lieu of a transcript.

her way home from work at the Horseshoe Casino. Jones noticed that her eyes were red and glassy, which he testified was an indicator of alcohol consumption.

{¶4} Jones then asked Vavrus to step out of her vehicle. He had her stand in front of his vehicle, where he administered the horizontal gaze nystagmus test ("HGN"). Jones testified that Vavrus displayed four clues and failed the test. He asked Vavrus to sit in his vehicle while he checked her driver's license. While inside the vehicle, Jones detected a strong odor of alcohol from Vavrus. Jones then asked Vavrus to perform a few more tests. Vavrus first performed the walk-and-turn test, which she failed. Jones also had Vavrus complete the one-legged stand test, which she passed. Jones testified that based on these factors, he arrested Vavrus for DUI.

{¶5} At the conclusion of the hearing, the trial court denied Varvus's motion to suppress. The trial court cited to Varvus's driving left of center, speeding, and red glassy eyes, and found that Jones had a reasonable and articulable suspicion to stop Varvus and further pursue his investigation. The court also found that Jones substantially complied with the NHTSA manual in administering the field sobriety tests, citing four of the six clues for the HGN test and four of the eight clues on the walk-and-turn test.

{¶6} The matter was then set for a jury trial on July 10, 2013. On the date of trial, Varvus entered a no contest plea to DUI, with the refusal to submit to the alcohol test and prior convictions and right side of the roadway violation.[2] The trial court found

---

[2]The trial court dismissed the DUI charge.

Varvus guilty of both charges. On August 9, 2013, the court sentenced Varvus to 20 days in jail, two years of probation, four MADD meetings, and a substance abuse assessment. The court suspended her driver's license for 730 days, and imposed a $750 fine, plus costs on the DUI charge. The court also imposed a $10 fine, plus costs on the right side of the road violation.

{¶7} Varvus now appeals, raising the following single assignment of error for review.

## Assignment of Error

The trial court erred in failing to grant the motion to suppress.

{¶8} We note that appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In deciding a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). The reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). With respect to the trial court's conclusion of law, the reviewing court applies a de novo standard of review and decides whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

{¶9} In the sole assignment of error, Vavrus argues that Jones did not have sufficient specific and articulable facts to further detain her by asking her to perform the field sobriety tests. Other than her traffic violations and Jones's observation of red, glassy eyes, Vavrus argues that there were no other factors to indicate that she was intoxicated at the time of the stop.

{¶10} Generally, a traffic stop is limited to the time necessary to effectuate the purpose for which the stop was made, including, for example, the time necessary to run a computer check on the driver's license, registration, and vehicle plates. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed. 2d 660 (1979). However, if during the initial stop the police discover additional articulable facts that give rise to a reasonable suspicion of criminal activity beyond that which caused the initial stop, the police may detain the driver for as long as the new suspicion continues. *State v. Robinette*, 80 Ohio St.3d 234, 241, 1997-Ohio-343, 685 N.E.2d 762.

{¶11} In determining whether the police had probable cause to arrest for DUI, we must determine whether Jones had information sufficient to cause a prudent person to believe that Vavrus was driving under the influence. *Middleburg Hts. v. Gettings*, 8th Dist. Cuyahoga No. 99556, 2013-Ohio-3536, ¶ 26, citing *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). A probable-cause determination is based on the "totality" of facts and circumstances within a police officer's knowledge. *Id.*, citing *State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997).

**{¶12}** In the instant case, Jones stopped Vavrus at 3:40 a.m. because he observed her driving 50 m.p.h. in a 35 m.p.h. zone and crossing the double yellow lines on several occasions. These traffic violations allowed Jones to initiate the traffic stop. While speaking with Vavrus, he noticed that her eyes were red and glassy. Vavrus said that she had been texting and was on her way home from work at the Horseshoe Casino. Based on these observations, Jones, a six-year state trooper who has made two hundred DUI arrests, then conducted field sobriety tests.

**{¶13}** He first asked Vavrus to complete the HGN test, from which he observed four of the six clues. Four is the operative number for possible impairment. He also had Vavrus complete the walk-and-turn test, which she failed, and the one-legged stand test, which she passed. Jones testified that he smelled a strong odor of alcohol from Vavrus after conducting the HGN test. These factors have all been held to be sufficient indicia that a driver had been operating a vehicle while under the influence, such that a police officer is warranted in making a further detention. *See Strongsville v. Spoonamore*, 8th Dist. Cuyahoga No. 86948, 2006-Ohio-4884; *Cleveland Hts. v. Schwabauer*, 8th Dist. Cuyahoga No. 84249, 2005-Ohio-24; *Brook Park v. French*, 8th Dist. Cuyahoga No. 82897, 2004-Ohio-2015.

**{¶14}** Therefore, we agree with the trial court's finding that reasonable and articulable suspicion to stop Varvus and further pursue his investigation.

**{¶15}** Accordingly, the sole assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR