DECISION AND JUDGMENT
{¶ 1} Appellant, Jason A. Smaltz, appeals a January 15, 2008 final judgment of the Ottawa County Court of Common Pleas entered against him after a jury trial. Under the judgment, Smaltz was convicted of operating a motor vehicle while intoxicated ("OMVI"), a violation of R.C. 4511.19(A)(1)(a), and of a specification, under R.C. 2941.1413, that he had been convicted of five or more equivalent offenses in the previous *Page 2 
20 years. He was also convicted of driving under a suspension, a violation of R.C. 4510.14(A).
 {¶ 2} In the judgment, the trial court also imposed sentences of four years imprisonment for the OMVI count, four years for the equivalent offenses specification, and 180 days for driving under suspension. The sentences for OMVI and for the specification were ordered to run consecutively. The sentence for driving under suspension was ordered to run concurrent.
 {¶ 3} The trial court suspended appellant's operator's license for life under the OMVI count and for one year under the driving under suspension count. The trial court imposed fines under both counts. Appellant was ordered to enter a treatment program upon release from prison.
 {¶ 4} Smaltz appeals the judgment to this court. He assigns three errors on appeal:
 {¶ 5} "Appellant's Assignments of Error
 {¶ 6} "1. The trial court's ruling on appellant's motion to dismiss was in error as a matter of law, as the trial court did not consider whether there was evidence showing probable cause to arrest regarding the element of operation of the vehicle, and whether the appellant's conduct was privileged because he was operating the vehicle at the instruction of police. (R. 39, 42, transcript of hearing on motion to dismiss held February 12, 2007). *Page 3 
 {¶ 7} "2. R.C. Sec. 4511.19 and R.C. Sec. 2941.1413 and/or their application violate the appellant's rights under the 14th Amendment to the U.S. Constitution, as those statutes are void for vagueness and violate the appellant's rights under the Equal Protection Clause of the U.S. and Ohio constitutions.
 {¶ 8} "3. The State presented insufficient evidence on which a jury could base convictions as to all Counts of the Indictment, and the verdict of the jury was against the manifest weight of the evidence."
 {¶ 9} A central issue of fact in the court below was whether appellant operated an automobile on July 16, 2006, other than when told to do by a state highway patrol officer. The car was owned by Natasha Shock. When Trooper Brian DiPizzo of the Ohio State Highway Patrol arrived at the scene, the car was disabled — lodged over a concrete median separating entrance and exit ramps at the junction of State Route 53 and State Route 2. A number of people were jointly attempting to help move the car from the median.
 {¶ 10} A factual dispute exists as to whether appellant was already in the Shock car trying to dislodge it when Trooper DiPizzo arrived or whether appellant entered the vehicle and operated it only upon the trooper's subsequent order to move the car. Trooper DiPizzo testified that he saw appellant behind the wheel and operating the car during the successful maneuver to free it from the median and that his instructions to move the car were made afterwards. Appellant contended at trial that DiPizzo was mistaken and that he operated the vehicle only upon instructions from DiPizzo to do so. *Page 4 
Appellant does not dispute that he moved the car after the trooper yelled instructions to move it.
 {¶ 11} DiPizzo's patrol car was equipped with recording equipment that recorded video and audio at the scene. Both at trial and at a hearing on a pretrial motion to dismiss, the key evidence consisted of the testimony of the trooper and the audiovisual recording. There were no other witnesses who testified either at the hearing or at trial.
 Motion to Dismiss {¶ 12} Appellant's Assignment of Error No. 1 concerns claimed error in overruling a pretrial motion to dismiss. At the hearing on the motion, the trial court found no basis for a dismissal and treated the motion as a motion to suppress. Appellant now agrees. In his reply brief, appellant requests that we consider the motion "as a motion to suppress based on the lack of probable cause to arrest." We therefore limit consideration of Assignment of Error No. 1 to the issue of whether the trial court erred in overruling a motion to suppress evidence.
 {¶ 13} The trial court conducted a hearing on the motion. Trooper DiPizzo testified. The audiovisual recording of the incident was entered into evidence. Appellant sought to suppress evidence of the field sobriety tests.
 {¶ 14} Trooper DiPizzo testified that as he exited his patrol car, he saw the Shock automobile back off the median and onto the roadway. Both at the hearing and at trial, DiPizzo was firm in his testimony that he saw Jason Smaltz driving the vehicle at the time and before he (DiPizzo) gave any instructions to anyone to move the vehicle. *Page 5 
 {¶ 15} The maneuver left the automobile on the ramp facing partly in the wrong direction — towards oncoming traffic that was exiting from Route 2. The trooper testified that, after the maneuver, an 18 wheel tractor trailer approached on the exit ramp. According to DiPizzo, it was only then that he yelled out instructions to move the vehicle; that is, to back the Shock vehicle up and turn it around.
 {¶ 16} The state has contended that DiPizzo's testimony provided direct evidence of operation of the automobile by appellant. According to DiPizzo, appellant was seen behind the wheel and operating the automobile when the trooper arrived.
 {¶ 17} Both at trial and at pretrial hearing on the motion to dismiss, DiPizzo testified that he approached appellant after the vehicle had been moved pursuant to his request. He noticed that appellant's eyes were bloodshot and glassy and detected the odor of alcohol about him. Appellant admitted to DiPizzo that he had a couple of drinks earlier. DiPizzo testified that appellant's speech had a "sluriness" to it. DiPizzo decided to conduct field sobriety tests.
 {¶ 18} DiPizzo testified that he proceeded to administer the horizontal gaze nystagmus test, heel-to-toe test and the one-legged stand test. The trooper testified that appellant displayed six out of six clues of intoxication on the horizontal gaze nystagmus test and two clues on the walk and turn test. Appellant was unable to perform the one-legged stand test. *Page 6 
 {¶ 19} A portable breath test was conducted. Evidence of the test was considered solely at the hearing on the motion to dismiss. Trooper DiPizzo testified that the breath test provided a reading of an alcohol level of .09.
 {¶ 20} To comply with state and federal constitutional protections against unreasonable searches and seizures, requests for field sobriety tests must be supported by reasonable and articulable suspicions of criminal activity. E.g., New London v. Gregg, 6th Dist. No. H-06-030,2007-Ohio-4611, ¶ 20; State v. Beeley, 6th Dist. No. L-05-1386,2006-Ohio-4799, ¶ 15; State v. Sanders (1998), 130 Ohio App.3d 789, 794. "`Reasonable suspicion is "* * *something more than an inchoate or unparticularized suspicion or hunch, but less that the level of suspicion required for probable cause." State v. Shepard (1997),122 Ohio App.3d 358, 364.' State v. Barner (Apr. 26, 2002), 6th Dist. No. WD-01-034." State v. Beeley, ¶ 15.
 {¶ 21} After a review of the record, we conclude that there was competent, credible evidence supporting a conclusion that reasonable and articulable suspicion existed that appellant operated the Shock vehicle while intoxicated. Trooper DiPizzo testified that he witnessed appellant operating the vehicle in an effort to remove it from the median before DiPizzo spoke to anyone about moving the car.
 {¶ 22} There was also evidence sufficient to establish a reasonable and articulable suspicion of intoxication. There was evidence of the odor of alcohol about appellant, of glassy bloodshot eyes, of an admission by appellant to drinking alcoholic beverages, and of a "sluriness" to his speech. "Where a non-investigatory stop is initiated and the odor *Page 7 
of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion [of intoxication] exists. State v. Wells, 2d Dist. No. 20798, 2005-Ohio-5008; State v. Cooper, 2d Dist. No. 2001-CA-86, 2002-Ohio-2778; State v. Robinson, 2d Dist. No. 2001-CA-118, 2002-Ohio-2933; State v. Mapes, 6th Dist. No. F-04-031, 2005-Ohio-3359
(odor of alcohol, `slurred speech' and glassy and bloodshot eyes);Village of Kirtland Hills v. Strogin, 11th Dist. No. 2005-L-073, 2006-Ohio-1450." (Bracketed material added.) State v. Beeley, ¶ 16.
 {¶ 23} We conclude that the trial court did not err in overruling the motion to suppress. Appellant's Assignment of Error No. 1 is not well-taken.
 {¶ 24} Appellant argues under Assignment of Error No. 2 that R.C. 4511.19 and 2941.1413 are unconstitutional. Appellant was convicted of violating R.C. 4511.19(A)(1)(a) by operating a motor vehicle while intoxicated with a specification under R.C. 2941.1413 that he had pled guilty or was convicted of five or more equivalent offenses within 20 years of the offense.
 {¶ 25} He claims the statutes are void for vagueness in violation of his rights to due process of law under the Fourteenth Amendment to the United States Constitution. He also claims that the statutes deny equal protection of the laws as guaranteed under both the Fourteenth Amendment to the United States Constitution and Section 2, Article I, Ohio Constitution. *Page 8 
 {¶ 26} Appellant raises these constitutional objections for the first time on appeal. Appellate courts are invested with discretion under such circumstances on whether to consider the objections on appeal or deem them waived. See In re M.D. (1988), 38 Ohio St.3d 149 at the syllabus;State v. Awan (1986), 22 Ohio St.3d 120 at the syllabus. We decline to consider Assignment of Error No. 2 on the basis of waiver.
 {¶ 27} Under Assignment of Error No. 3, appellant argues both that there was insufficient evidence to support the convictions on all counts against him and that the convictions were against the manifest weight of the evidence.
 Sufficiency of the Evidence {¶ 28} A challenge to a conviction based upon a claim of insufficiency of the evidence presents a question of law on whether the evidence at trial is legally adequate to support a jury verdict on all elements of a crime. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. An appellate court does not weigh credibility when reviewing the sufficiency of evidence to support a verdict. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A reviewing court considers whether the evidence at trial "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 29} Appellant's OMVI conviction was for a violation of R.C. 4511.19(A)(1)(a). The statute provides: *Page 9 
 {¶ 30} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 31} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." (Emphasis added.)
 {¶ 32} Appellant's conviction for driving under suspension was for a violation of R.C. 4510.14(A). R.C. 4510.14(A) provides:
 {¶ 33} "4510.14 Driving under OVI suspension
 {¶ 34} "(A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the publicroads or highways within this state during the period ofsuspension." (Emphasis added.)
 {¶ 35} A key element of both offenses is operation of a vehicle. Imposition of additional penalties through an R.C. 2941.1413
specification requires the existence of the underlying OMVI violation to support it. Accordingly, the offenses for which appellant stands convicted are predicated on proof that he operated the Shock automobile.
 {¶ 36} Appellant claims that the evidence at trial was insufficient to establish that he operated the Shock vehicle except when he was told to move the car by Trooper DiPizzo. We disagree. Appellant's argument requires the factfinder to ignore the heart of Trooper DiPizzo's testimony against him. Trooper DiPizzo testified that he saw appellant *Page 10 
operate the vehicle when it was moved off the median and before DiPizzo instructed anyone to move the car.
 {¶ 37} A challenge to a conviction based upon sufficiency of the evidence considers whether the evidence at trial, "if believed," was sufficient to convince an average person of a defendant's guilt beyond a reasonable doubt. State v. Jenks at paragraph two of the syllabus. We believe, after construing the evidence most favorably to the state, the evidence at trial, if believed, was sufficient to support a conclusion, beyond a reasonable doubt, that appellant operated the motor vehicle while intoxicated. Appellant's contention that there was insufficient evidence of operation of the vehicle to support the convictions is without merit.
 Manifest Weight of the Evidence {¶ 38} Where it is claimed that a verdict is against the manifest weight of the evidence, an appellate court acts as a "thirteenth juror," reweighs the evidence, and may disagree with a factfinder's conclusions on conflicting testimony. State v. Thompkins at 387; State v. Lee, 6th Dist. No. L-06-1384, 2008-Ohio-253, ¶ 12. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and new trial ordered." Thompkins at 387, quoting with approval, State v. Martin (1983), 20 Ohio App.3d 172, 175. Reversals on this ground are *Page 11 
granted "only in the exceptional case in which the evidence weighs heavily against conviction." Id.
 {¶ 39} We have reviewed the entire record and particularly the trial testimony of the trooper and the audiovisual recording. We find no miscarriage of justice in the guilty verdicts. There were no clear conflicts between the recording and the testimony of Trooper DiPizzo. A jury could reasonably conclude that the trooper's testimony against appellant was credible and accurate. Appellant's argument that the convictions are against the manifest weight of the evidence is without merit.
 {¶ 40} We find Assignment of Error No. 3 not well-taken.
 {¶ 41} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1