[Cite as *State v. Hamilton*, 2017-Ohio-8826.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

MITCHELL HAMILTON

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case No. 17CA006

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Holmes County Municipal Court, Case No. 16TRC2059 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 1, 2017 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MATTHEW J. MUZIC | JEFFREY G. KELLOGG |
| Assistant Prosecuting Attorney | 5 South Washington Street |
| Holmes County, Ohio | Millersburg, Ohio 44654 |
| 164 E. Jackson Street | |
| Millersburg, Ohio 44654 | |

*Hoffman, J.*

{¶1}    Defendant-appellant Mitchell Hamilton appeals the judgment entered by the Holmes County Municipal Court convicting him of operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)(a)) and failure to file an annual registration (R.C. 4503.11(A)), following his plea of no contest.  Plaintiff-appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}    On November 25, 2016, Deputy Christopher Markley of the Holmes County Sheriff's Department was on routine patrol on State Route 83, just south of Holmesville. He observed the vehicle operated by Appellant did not have a visible license plate.  Dep. Markley stopped Appellant's vehicle.

{¶3}    Upon approaching the vehicle, the deputy noted a moderate odor of alcohol. There were no other passengers and no visible containers of alcohol in the vehicle. Appellant admitted consuming two beers approximately an hour and a half prior to the stop.  He observed Appellant's eyes to be bloodshot and glassy.  The deputy asked Appellant to step out of the vehicle and submit to field sobriety tests.  The deputy conducted the horizontal gaze nystagmus test and observed six clues.

{¶4}    Appellant was charged with operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), and with failure to file an annual registration in violation of R.C. 4503.11(A).  He filed a motion to suppress arguing the deputy lacked a reasonable suspicion of criminal activity to justify conducting field sobriety tests.

{¶5}    The trial court held an evidentiary hearing on the motion to suppress.  The trial court found the deputy did possess a reasonable suspicion of criminal activity to

conduct field sobriety tests based on the moderate odor of alcohol, the admitted consumption of beer, and the deputy's observation of Appellant's bloodshot and glassy eyes.

**{¶6}** Appellant entered a plea of no contest to operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a) and to failure to file an annual registration. The remaining charge of operating a motor vehicle while intoxicated in violation of 4511.19(A)(1)(d) was dismissed. He was convicted upon his pleas and sentenced to fifteen days in jail with twelve days suspended, and he was fined $475.

**{¶7}** From that judgment of conviction and sentence, Appellant prosecutes this appeal, assigning as error:

**{¶8}** "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

**{¶9}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the

trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger*, *supra*. As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶10}** In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *Guysinger, supra*, at 594, citations omitted.  Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.,* citation omitted.

**{¶11}** Appellant argues Deputy Markley's testimony he noticed Appellant's eyes were bloodshot and glassy prior to administering field sobriety tests is not credible, and in the absence of testimony concerning the condition of Appellant's eyes, Deputy Markley did not have a reasonable suspicion Appellant was driving while impaired.

**{¶12}** An officer may not request a motorist to perform field sobriety tests unless the request is independently justified by reasonable suspicion based upon articulable facts the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (1998), citing *State v. Yemma* (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported.

Reasonable suspicion is something more than a suspicion or hunch, but less than probable cause. *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d 778 (1997).

**{¶13}** In *State v. Spillers*, 2nd District Darke App. No. 1504, 2000 WL 299550 (March 24, 2000), the Second District determined a de minimus traffic violation, slight odor of alcohol and admission to having consumed a couple drinks was insufficient to justify the administration of field sobriety tests.  However, we distinguished *Spillers* in *State v. Strope,* 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3249, finding a moderate odor of alcohol, along with bloodshot and glassy eyes and an admission to the consumption of alcohol, gave rise to a reasonable suspicion a driver was impaired, sufficient to administer field sobriety tests.  *Id.* at ¶21.

**{¶14}** Appellant argues Deputy Markley's testimony he noticed Appellant's eyes were bloodshot and glassy prior to asking him to perform field sobriety tests is not credible because he did not note this observation in his chronological written report of the stop until after he conducted the horizontal gaze nystagmus test, and he testified he did not shine a flashlight into Appellant's eyes prior to the horizontal gaze nystagmus test.

**{¶15}** Deputy Markley testified he observed Appellant's eyes were bloodshot and glassy when he first made contact with him in the vehicle. Tr. 5.  He testified although he observed Appellant's eyes from the beginning of the stop, he did not document this observation in his report until he again observed Appellant's eyes during the field sobriety test. Tr. 6.  On cross-examination, the deputy again stated he noticed Appellant's eyes were bloodshot and glassy prior to when he noted the condition of Appellant's eyes in his report. Tr. 10.  When asked if he shined the flashlight into Appellant's face, he stated not that he knew of, but could have and did not now remember. Tr. 10.  Again on redirect

examination, the deputy testified he noticed the glassy and bloodshot eyes of Appellant "while I was talking to him after he handed me his registration and he had looked at me, I was able to observe it then." Tr. 11.

{¶16} The trial court found the testimony of the officer to be credible. In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *Guysinger, supra,* at 594, citations omitted. The court's finding is based on the uncontroverted testimony of the officer concerning his observation of Appellant's eyes. He acknowledged he failed to note Appellant's eyes were bloodshot and glassy in his report prior to conducting field sobriety tests, but maintained throughout his testimony he did observe Appellant's eyes to be bloodshot and glassy prior to field sobriety testing. Although he did not remember shining his flashlight in Appellant's face during the initial stop, the record does not include evidence of other lighting, or the lack thereof, in the area. The record does not affirmatively demonstrate the officer would have been unable to observe Appellant's eyes in the absence of the use of his flashlight.

{¶17} In the instant case, the officer did not stop Appellant's vehicle based on erratic driving, but rather stopped the vehicle because it did not display proper license plates. However, after stopping the car, Deputy Markley testified he noted a moderate odor of alcohol about Appellant. There were not visible containers nor other passengers in the vehicle; therefore, he could draw the conclusion the odor of alcohol came from Appellant. Appellant admitted consuming two beers earlier in the evening, and the officer observed Appellant's eyes to be bloodshot and glassy. We find the officer had a

reasonable suspicion Appellant was driving while intoxicated to support further detention for the purpose of conducting field sobriety tests.

{¶18} The assignment of error is overruled. The judgment of the Holmes County Municipal Court is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Gwin, J. concur